IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| GLOCK, INC., <br><br> Plaintiff, <br><br> v. <br><br> MAXSELL CORPORATION and VICO CONFINO, <br><br> Defendants. | Civil Action File No.: <br><br> 4:12-cv-00113-HLM |

### CONSENT JUDGMENT

Plaintiff Glock, Inc. ("Glock") and Defendants Maxsell Corporation ("Maxsell") and Vico Confino ("Confino") (collectively "Defendants"), having agreed to the entry of this Judgment and Decree, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED**:

1. This Court has jurisdiction over this action seeking damages and other relief for the alleged violation of the Judgment and Order of Final Judgment and Permanent Injunction ("Bruni Injunction") entered by this Court on May 12, 2003 in the case captioned Glock, Inc. v. Bruni S.R.L., et al, Civil Action No. 4:00-CV-120-HLM ("Bruni Infringement Litigation"); for breach of the Settlement Agreement ("Maxsell Settlement Agreement") entered into between Glock and

Maxsell in the Bruni Infringement Litigation; for infringement of a federally-registered trade dress under 15 U.S.C. § 1114(1)(a); for trade dress infringement and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); for dilution of a famous trade dress under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); and for unfair competition in violation of the Georgia Deceptive Trade Practices Act, O.C.G.A. § 10-1-370, *et. seq.*, and the common law.

2.  Venue is proper in this Court pursuant to the Maxsell Settlement Agreement, and the provisions of 28 U.S.C. §§ 1391 and § 1400(b).

3.  Plaintiff Glock, through its related companies, is engaged in the business of manufacturing and marketing firearms, namely the family of GLOCK pistols.

4.  Plaintiff Glock is the owner of the trade dress rights in the configuration of its family of pistols (hereinafter "GLOCK pistol trade dress").

5.  The GLOCK pistol trade dress has acquired secondary meaning.

6.  The GLOCK pistol trade dress is famous.

7.  The GLOCK pistol trade dress is primarily non-functional.

8.  Glock is the owner of an incontestable federal trademark registration for its GLOCK pistol trade dress in international class of goods 13, Reg. No.

2,807,747 registered on January 27, 2004 by the United States Patent and Trademark Office (USPTO).

9.  Glock is the owner of a family of federally registered marks in addition to Reg. No. 2,807,747, including but not limited to the following: Reg. No. 2,807,745 (pistol trade dress with different grip configuration); Reg. No. 1,691,390 (the mark GLOCK); Reg. No. 3,037,263 (GLOCK design mark); Reg. No. 2,440,268 (the mark GLOCK PERFECTION).

10.  The blank-firing replica pistols manufactured by Bruni S.R.L. ("Bruni"), an Italian company, and imported, sold, and/or offered for sale by Maxsell under various names, including but not limited to *Bruni 8mm, GAP, Min-GAP, Bruni GAP,* and *G17* (hereinafter "GAP Pistols"), infringe the GLOCK pistol trade dress.

11.  The trade dress of the GAP Pistols is confusingly similar to the GLOCK pistol trade dress.

12.  The GAP Pistols dilute the distinctive quality of the famous GLOCK pistol trade dress.

13.  Confino, as President of Maxsell, knowingly participated in the importation, sale, and offer for sale by Maxsell of the GAP Pistols.

14. The blank-firing replica pistols manufactured by Atak Arms, a Turkish company, and imported, sold, and/or offered for sale by Maxsell under various names, including but not limited to *M917* and *917* (hereinafter "917 Pistols"), infringe the GLOCK pistol trade dress.

15. The trade dress of the 917 Pistols is confusingly similar to the GLOCK pistol trade dress.

16. The 917 Pistols dilute the distinctive quality of the famous GLOCK pistol trade dress.

17. Confino, as President of Maxsell, knowingly participated in the importation, sale, and offer for sale by Maxsell of the 917 Pistols.

18. The un-licensed non-functioning resin copies of GLOCK pistols ("GLOCK Resin Copies") marketed, sold, and/or offered for sale by Maxsell without authorization from Glock infringe the GLOCK pistol trade dress.

19. The trade dress of the GLOCK Resin Copies is confusingly similar to the GLOCK pistol trade dress.

20. The GLOCK Resin Copies dilute the distinctive quality of the famous GLOCK pistol trade dress.

21.   Confino, as President of Maxsell, knowingly participated in the unauthorized marketing, sale, and offer for sale by Maxsell of the GLOCK Resin copies.

22.   Maxsell and Confino and their agents, servants, employees, and attorneys, and all persons in active concert or participation with them who receive notice of this Consent Judgment, are hereby permanently enjoined from:

    (a)   using any GLOCK mark or designation in connection with advertising, promotion, offering for sale, or sale of any pistol, replica pistol, or any other product not manufactured or licensed by Glock, including but not limited to the GAP Pistols, the 917 Pistols, and the GLOCK Resin Copies;

    (b)   using any reproduction, counterfeit, copy or colorable imitation of any GLOCK mark or designation in connection with the advertising, promotion, offering for sale, or sale of any pistol, replica pistol, or any other product not manufactured or licensed by GLOCK, including but not limited to the GAP Pistols, the 917 Pistols, and the GLOCK Resin Copies;

    (c)   using the GLOCK trade dress in connection with advertising, promotion, offering for sale, or sale of any pistol, replica pistol, or any other

product not manufactured or licensed by GLOCK, including but not limited to the GAP Pistols, the 917 Pistols, and the GLOCK Resin Copies;

(d) using any reproduction, counterfeit, copy or colorable imitation of the GLOCK trade dress in connection with the advertising, promotion, offering for sale, or sale of any pistol, or other product, not manufactured or licensed by GLOCK, including but not limited to the GAP Pistols, the 917 Pistols, and the GLOCK Resin Copies;

(e) employing any words, symbols or conduct that suggest that any non-Glock manufactured or licensed products offered for sale or sold by Maxsell or Confino are authorized, sponsored, endorsed or approved by, or otherwise connected with GLOCK;

(f) engaging in false designations of origin, false descriptions, false advertising, false representations, or from otherwise engaging in unfair or deceptive trade practices; or competing unfairly with GLOCK;

(g) engaging in conduct that dilutes the distinctive quality of Glock's federally registered and common law trademarks;

(h) engaging in conduct that dilutes the distinctive quality of Glock's trade dress;

(i) making any description or representation, including by words or symbols, that Maxsell's products are in any way affiliated, associated, authorized, sponsored, endorsed, or otherwise connected with Glock; and

(j) infringing, inducing infringement, or contributing to the infringement and/or dilution of any of Glock's federally registered or common law trademarks.

23. Defendants shall pay Glock the total non-refundable sum of Two-Hundred Seventy-Five Thousand Dollars ($275,000.00) (the "Consent Payment") in full and final satisfaction of Glock's claims for any and all damages that could have been awarded in this case, including compensatory damages, enhanced damages, punitive damages, interest, costs, and attorneys' fees. The Consent Payment shall be made as follows:

(a) $249,999.00 (the "Primary Consent Payment") shall be paid within thirty (30) days after entry of this Consent Judgment; in the event of default of payment of the Primary Consent Payment, Glock may pursue any and all appropriate remedies without limitation; and

(b) the remaining $25,001.00 (the "Remainder Consent Payment") shall be secured by a Promissory Note (an executed copy of which is attached hereto as *Exhibit B*) executed in favor of Glock by both

Defendants, jointly and severally, and shall be paid in five (5) monthly installments to be made as follows:

$5,000.00 shall be paid on or before August 30, 2013;

$5,000.00 shall be paid on or before September 15, 2013;

$5,000.00 shall be paid on or before October 15, 2013;

$5,000.00 shall be paid on or before November 15, 2013; and

$5,001.00 shall be paid on or before December 15, 2013

with these installments being made by certified check.

(i) If any installment of the Remainder Consent Payment is not made by its due date, Defendants shall be in default under the Promissory Note, and the entire remaining outstanding balance of the Remainder Consent Payment shall be immediately due and payable. In the event of a default under the Promissory Note, Glock's remedy shall be as follows: Glock may apply to this Court or any other court of competent jurisdiction for entry of a final Judgment for the entire outstanding unpaid balance of the Remainder Consent Payment owed to it, and such Judgment shall be entered at Glock's request upon a showing of such default, together with all reasonable attorneys' fees incurred in seeking and obtaining such Judgment; Glock may then take all reasonable and necessary steps to obtain a writ of execution or

otherwise judicially collect upon the Judgment, and Defendants shall be jointly and severally liable to Glock for any attorneys' fees incurred in any subsequent collection action brought to enforce such Judgment.

(ii) So long as the Primary Consent Payment has been made, regardless of any default as to the Remainder Consent Payment, in no event shall Glock be entitled to seek damages in addition to the payment of the Remainder Consent Payment or equitable relief in addition to the relief awarded in this Consent Judgment for any actions of the Defendants taken on or before July 10, 2013.

(iii) If Defendants make all installments of the Remainder Consent Payment in a timely manner as set forth in this Consent Judgment, then Glock shall refrain from taking any steps to obtain a writ of execution or otherwise judicially collect upon the Remainder Consent Payment. Further, once Glock has received and successfully deposited the entirety of the Remainder Consent Payment, it shall issue a letter to the Defendants documenting the fact that the Defendants have fully discharged their duty to make the Remainder Consent Payment.

24. Within fourteen (14) days after entry of this Consent Judgment, Defendants shall deliver all GAP Pistols, 917 Pistols, and/or GLOCK Resin Copies remaining in their possession to Glock's counsel at 400 Interstate North Parkway, Suite 1500, Atlanta, Georgia 30339, for destruction by Glock, and certify in writing, under oath, that no such products remain in the possession of either of them.

25. Neither Maxsell nor Confino will disparage Glock or any person associated with Glock, adversely comment on the above-captioned litigation or otherwise take any action which could be expected to adversely affect Glock's reputation or goodwill or its business. Glock will not disparage Maxsell or Confino or any person associated with Maxsell or Confino, adversely comment on the above-captioned litigation or otherwise take any action which could be expected to adversely affect Maxsell's or Confino's reputation or goodwill or Maxsell or Confino's business. Notwithstanding the foregoing, nothing in this Consent Judgment shall be construed to prevent any of the parties from truthfully commenting to the public about matters of public record or to any judicial, quasi-judicial, or administrative body about matters relating to this litigation.

26. The Court shall retain jurisdiction over any disputes arising from or relating to this Consent Judgment and all Exhibits hereto, including but not limited

to the Settlement Agreement entered into between the parties, an executed copy of which is attached hereto as *Exhibit A*, and the Promissory Note, an executed copy of which is attached hereto as *Exhibit B*.

**SO ORDERED**, this ___ day of _____, 2013.

_____
Harold L. Murphy
United States District Judge

| Consented to and approved on behalf of:<br>**GLOCK, INC.**<br><br>*/s/ Dan R. Gresham*<br>Dan R. Gresham<br>Georgia Bar No. 310280<br>Cynthia J. Lee<br>Georgia Bar No. 422999<br>Eric G. Maurer<br>Georgia Bar No. 478199<br>**THOMAS HORSTEMEYER, LLP**<br>400 Interstate North Parkway<br>Suite 1500<br>Atlanta, Georgia 30339<br>Tel: (770) 933-9500<br>Fax: (770) 951-0933<br><br>Attorneys for Plaintiff GLOCK, Inc. | Consented to and approved on behalf of:<br>**MAXSELL CORPORATION and VICO CONFINO**<br><br>*/s/William C. Buhay*<br>William C. Buhay<br>Georgia Bar No. 093940<br>Jonathan R. Friedman, Esq.<br>Georgia Bar No. 277720<br>Jeffrey N. Amason, Esq.<br>Georgia Bar No. 774303<br>**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**<br>3344 Peachtree Road, N.E.,<br>Suite 2400<br>Atlanta, GA 30326<br>Tel: (404) 876-2700<br>Fax: (404) 875-9433<br><br>Attorneys for Defendant Maxsell Corporation and Vico Confino |